UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
GUILLERMO RENE MOREIRA,
ADMINISTRATOR OF THE ESTATE OF
JOSEPH RENE MOREIRA and
GUILLERMO RENE MOREIRA, individually,

                         Plaintiffs,

Civil Action # 19-5402
(CBA)(SMG)

**SECOND AMENDED COMPLAINT**
*Jury Trial is Demanded*

     -against-

CITY OF NEW YORK, POLICE OFFICER SARGENT
JOSHUA LOPEZ IN HIS INDIVIDUAL AND OFFICIAL CAPACITY,
POLICE OFFICER RACHEL MAYWORM IN HER INDIVIDUAL
AND OFFICIAL CAPACITY, POLICE OFFICER SARGENT
RICHARD ASSING IN HIS INDIVIDUAL AND OFFICIAL
CAPACITY, POLICE OFFICER JASON BRATTER IN HIS
INDIVIDUAL AND OFFICIAL CAPACITY, & POLICE
OFFICER ALICIA FOX IN HER INDIVIDUAL AND
OFFICIAL CAPACITY,

                         Defendants.
------------------------------------------------------------------x

      PLAINTIFFS, GUILLERMO RENE MOREIRA, as Administrator of the Estate of JOSEPH RENE MOREIRA & GUILLERMO RENE MOREIRA, individually, by and through their attorneys Brian P. Neary PC, submit the following Amended Complaint and state and allege as follows:

## PRELIMINARY STATEMENT

1. This is a civil action seeking monetary relief, compensatory and punitive damages, disbursements, costs and fees for violations of the Plaintiff Guillermo Rene Moreira's late son Joseph Rene Moreira's rights, brought pursuant to 42 U.S.C. § 1983, including the use of

excessive force, failure to intervene, loss of enjoyment of life, conscious pain and suffering, and respondeat superior. These actions include federal law claims as well as state law claims.

2.  Specifically, Plaintiffs allege that the Defendants (collectively and individually) negligently, wantonly, recklessly, intentionally, unreasonably, and knowingly sought to and did wrongfully deprive the late Joseph Rene Moreira (hereinafter 'Decedent') of his Constitutional and common law rights pursuant to the above mentioned statutes and causes of action, by committing acts under color of law and depriving the Plaintiff's decedent of rights secured by the Constitution and laws of the State of New York.

3.  Plaintiffs allege that Defendants (collectively and individually), their agents, employees and servants unlawfully assaulted Plaintiff JOSEPH RENE MORIERA and subjected him to gross excessive force that resulted in his death, Defendant Police Officers failed to intervene in protecting Plaintiff from Constitutional violations by co-Defendants, and failed to provide Plaintiff's decedent with adequate medical attention.

## JURISDICTION AND VENUE

4.  This action arises under the Constitution and laws of the United States, including Article III, Section 1 of the United States Constitution and is brought pursuant to 42 U.S.C. § 1983, and 1988. The Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and 1343 and there are pendent state law claims for wrongful death, assault and battery, police negligence, negligent supervision, training, and retention of police officers, excessive force in violation of the New York State constitution, conscious pain and suffering and decedent father's claim for loss of services.

5. This case is instituted in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391 as the judicial district in which all the relevant events and violations occurred and in which Defendants maintain an office and/or reside.

## PARTIES

6. Plaintiff's decedent, JOSEPH RENE MORIERA was an unmarried male resident of the State of New York, County of New York. Plaintiff Guillermo Rene Moreira is the father of decedent and the duly appointed administrator of decedent's estate.

7. Decedent was twenty-five (25) years old and resided in Manhattan, New York. At all times relevant to the Complaint, Decedent was gainfully and steadily employed in the City of New York before his death was caused by the misconduct of the Defendant Police Officers herein. As a result of the excessive force used by Defendant Police Officers, Decedent's death will cause his family significant hardship, in the form of inter alia loss of earnings and support.

8. Upon information and belief, at all times herein after mentioned Defendant Sergeant Joshua Lopez, Shield # 4376, was a New York City Police Officer with a current address of Housing Borough Brooklyn Response Team, 25 Central Avenue, Brooklyn, New York 11206.

9. Upon information and belief, at all times herein after mentioned Defendant Police Officer Rachel Mayworm, Shield # 16972, was a New York City police Officer with a current address of 114th Precinct, 34-16 Astoria Boulevard, Queens, New York 11103.

10. Upon information and belief, at all times herein after mentioned Defendant Sergeant Richard Assing, Shield #495, was a New York City police officer with a current address of 78th Precinct, 65 6th Avenue, Brooklyn, New York 11217.

11. Upon information and belief, at all times herein after mentioned Defendant Police Officer Jason Bratter, Shield # 14079, was a New York City police officer with a current address of Police Academy Specialized Training Section, 130-30 28th Avenue, Flushing, New

York 11354.

12. Upon information and belief, at all times herein after mentioned Defendant Police Officer Alicia Fox, Shield # 4309, was a New York City police officer with a current address of 78th Precinct Detective Squad, 65 6th Avenue, Brooklyn, New York 11217.

13. The aforesaid individual defendants were and/or are agents, officers, representatives, and/or police officers of the New York City Police Department at all times relevant to the Complaint. Upon information and belief, each of the aforementioned were police officers assigned to the 78th Precinct located in Brooklyn, NY and/or were involved in the incident that caused the Decedent to lose his life. Said OFFICERS were acting in furtherance of the scope of their employments, acting under color of law – to wit under color of statutes, ordinances, regulations, policies, customs and usages of the Defendant City of New York. Said OFFICERS and are being sued herein in their individual and official capacities.

## FACTUAL ALLEGATIONS

14. On or about August 18, 2018, Decedent JOSEPH RENE MOREIRA was wrongfully accosted and fatally injured as result of the actions taken by the Defendants Lopez, Mayworm, Assing, Bratter & Fox.

15. The decedent had a high school degree.

16. After high school, decedent attended a Jobs Corp program in New York City where he received training to prepare him for work in the field of construction. The decedent worked in construction for several years after high school until shortly before he died when he took a job working in a store in Brooklyn.

17. On August 18, 2018 after having spent the day working at his new job, Decedent had one or more encounters with New York City Police Officers at or near the Union Street &

4th Avenue, Brooklyn, NY subway station in the early evening hours which resulted in the decedent's death. Upon information & belief, the New York City Police case # for the alleged incident is 0783529-2018

18. The defendant police officers purportedly told the decedent's mother that her son had been chased by the police, shot with a stun and/or taser gun and contacted the electrified third rail at the Union Street & 4th Avenue subway station in Brooklyn resulting in the death of decedent. The decedent's death certificates states in substance that his cause of death was electrocution by coming into contact with the third rail while being pursued by the police.

## AS AND FOR COUNT ONE
## 42 U.S.C. § 1983 EXCESSIVE FORCE

19. Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in all other paragraphs of this Complaint with the same force and effect as though fully set forth fully herein.

20. 42 U.S.C. § 1983 provides that:

"Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress."

21. At no time relevant to this action was the Plaintiff's decedent a threat to the safety of the police, himself or others.

22. The excessive force, and other wrongful acts conducted against the Decedent by the collective Defendants New York City, Lopez, Mayworm, Assing, Bratter & Fox, their agents, employees and servants, were committed under the color of law, customs, and statutes of the State of New York and/or City of New York to deprive Decedent of his various constitutional rights.

23. Decedent had a clearly established Constitutional right to be secure in his person from unreasonable seizure through excessive force. Decedent also had a clearly established Constitutional right to bodily integrity and to be free from excessive force by law enforcement. These rights are secured to Decedent by the provisions of the Due Process Clause of the Fifth and Fourteenth Amendments to the Constitution of the United States, the Fourth Amendment and by 42 U.S.C. § 1983.

24. Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at the time.

25. As a direct consequence of the unreasonable excessive actions of the Defendants Lopez, Mayworm, Assing, Bratter & Fox., acting in furtherance of their duties as agents of the CITY OF NEW YORK, Decedent was fatally injured when upon information and belief he came into contact with the third rail at the Union Street & 4th Avenue subway station. Plaintiff was unarmed and was not a threat to Defendants or anyone else.

26. The Plaintiffs are therefore entitled to a monetary award to compensate them for decedent's loss of life.

27. That by reason of the foregoing, Plaintiffs have been damaged in the sum of twenty million dollars ($20,000,000.00), the costs of this action, attorney's fees pursuant to 42 U.S.C. § 1988, and punitive damages.

## AS AND FOR COUNT TWO
### 42 U.S.C. § 1983 MUNICPAL LIABILITY

28. Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in all other paragraphs of this Complaint with the same force and effect as though fully set forth herein.

29. In actively inflicting and failing to prevent the above stated abuses incurred by Plaintiff's decedent, the Defendants acted unreasonably, recklessly, and negligently in failing to exercise the slightest amount of due care to secure and protect the civil and constitutional rights of the Plaintiff's decedent against physical abuse and excessive force. Said rights are guaranteed to the plaintiff's decedent by 42 U.S.C. § 1983 and by the Fourth and Fourteenth Amendment of the United States Constitution.

30. Upon information and belief, the Municipal Defendant CITY OF NEW YORK, which governs, controls, operates, manages, supervises, and created the NEW YORK CITY POLICE DEPARTMENT has permitted, tolerated and encouraged a pattern and practice of unjustified, unreasonable and illegal abuses, including the use of excessive force by its police force.

31. Although such police conduct is improper, said incidents are routinely covered up by the CITY OF NEW YORK, its agents, employees and servants by official claims that the officers' use of excessive force, and/or taser gun/stun gun, were justified and proper, or by leveling false charges against the persons so falsely charged, so as to insulate the offending police officers and other officials.

32. Said charges and official claims have been fully backed by the CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT, which has repeatedly and

unreasonably sided with the abuse of persons so effected in nearly all cases, despite vast evidence of wrongdoing by its officers, including the collective Defendants herein.

33. Defendant CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT has repeatedly and continuously engaged in and/or allowed its police officers such as Defendants Lopez, Mayworm, Assing, Bratter & Fox to knowingly and willingly subject civilians to excessive force (including but not limited to excessive use of firearms and taser and/or stun gun) including Plaintiff's Decedent JOSEPH RENE MORIERA - with immunity.

34. As a direct result of the CITY OF NEW YORK's and the NEW YORK CITY POLICE DEPARTMENT's policy, practice of condoning the excessive use of force by its police officers, the CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT has been subjected to many federal and state Complaints and lawsuits alleging that Police officers subject civilians to unlawful excessive force in violation of § 1983.

35. That by virtue of the foregoing, Plaintiffs have been damaged in the sum of twenty million dollars ($20,000,000.00), the costs of this action, attorney's fees pursuant to 42 U.S.C. § 1988, and punitive damages.

**AS AND FOR COUNT THREE**
**42 U.S.C. § 1983 FOURTH, FIFTH, & FOURTEENH AMENDMENT**
**violation(s) of Plaintiff JOSEPH RENE MORIERA'S SUBSTANTIVE DUE PROCESS RIGHTS**

36. Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in all other paragraphs of this Complaint with the same force and effect as though fully set forth herein.

37. The Defendants Lopez, Mayworm, Assing, Bratter & Fox knew or should have known that use of a taser and/or stun gun and other force constituted excessive force and their failure to intervene to protect decedent violated JOSEPH RENE MOREIRA'S various rights, guaranteed to him under the Fourth and Fourteenth Amendments.

38. Each of the said Defendants had the authority, ability and concurrent duty under the Fourth and Fourteenth Amendments to prevent the use of a taser and/or stun gun and other excessive force and wrongful detainment of the Decedent JOSEPH RENE MOREIRA, yet neglected to prevent said violations from occurring, and further failed to intervene to protect or aid the Plaintiff when such violations did in fact occur.

39. Defendants Lopez, Mayworm, Assing, Bratter & Fox failure to stop these wrongful actions constitutes a breach of their duty, as public servants acting under the color of law, to do so under the Fourth and Fourteenth Amendments.

40. Defendants' assault and battery, use of a taser and/or stun gun and excessive use of force and failure to intervene violated Decedent's JOSEPH RENE MORIERA'S Substantive Due Process rights to bodily integrity, life, liberty, and property.

41. That by the foregoing, Plaintiffs have been damaged in the sum of twenty million dollars ($20,000,000.00), the costs of this action, attorney's fees pursuant to 42 U.S.C. § 1988, and punitive damages.

**AS AND FOR COUNT FOUR**
**WRONGFUL DEATH STATE CLAIM**

42. Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in all other paragraphs of this Complaint with the same force and effect as though fully set forth herein.

43.   That on May 24, 2019, Letters of Administration of the Estate of Decedent, were issued to Plaintiff Guillermo Rene Moreira by the Surrogate's Court, New York County.

44.   That on August 18, 2018, Plaintiff's decedent died, as a result of the intentional misconduct, negligence, recklessness and/or carelessness of the Defendants including defendants Lopez, Mayworm, Assing, Bratter & Fox and the City of New York's agents, servants, and/or employees.

45.   That as a result of the foregoing acts and/or omissions of the Defendants herein, plaintiff's decedent sustained injuries which led to his wrongful death.

46.   That at all times prior to the occurrence complained of, Plaintiff's decedent contributed love, care, guidance and nurture and other services to his lawful distributees including, but not limited to his siblings and parents.

47.   That by reason of the foregoing, the distributees of Plaintiff's decedent have sustained pecuniary loss.

48.   By reason of the foregoing, the estate incurred and became liable for funeral expenses of Plaintiff's decedent.

49.   By reason of the serious injuries and conscious, pain and suffering sustained by plaintiff's decedent, and by reason of his demise, plaintiff, and the other distributees of the Estate, have been unnecessarily and forever deprived of the society, companionship, guidance, affection and solace of Plaintiff's decedent, all to their lasting damage.

50.   Defendants' conduct was intentional, wanton, reckless, malicious and exhibited a gross indifference to and reckless disregard for the rights of others and more particularly the rights of Plaintiff's decedent.

51. That by reason of the foregoing, Plaintiff, as Administrator/Executor of the Estate of Decedent, has been damaged in the sum of twenty million dollars ($20,000,000.00), the costs of this action, attorney's fees pursuant to 42 U.S.C. § 1988, and punitive damages.

52. That plaintiff timely served notices of claim upon the City of New York on or about June 12, 2019 and October 22, 2019.

53. That the defendant City of New York demanded a 50-h hearing as per the General Municpal Law of the State of New York in connection with the plaintiff's first notice of claim dated June 12, 2019. The defendant City of New York has not demanded a 50-h hearing in connection with plaintiffs' second notice of claim.

54. That the plaintiff Guillermo Rene Moreira did appear for his 50-h hearing on or about August 29, 2019.

55. That more than 30 days have elapsed since plaintiff's service of his first notice of claim and his October 22, 2019 notice of claim and the defendant City of New York has not compensated plaintiff for the injuries and damages alleged in either notice of claim.

## AS AND FOR COUNT FIVE
## ASSAULT & BATTERY STATE CLAIM

56. Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in all other paragraphs of this Complaint with the same force and effect as though fully set forth herein.

57. That at the aforesaid time and place the defendant police officers without just cause or provocation struck plaintiff's decedent with their fists, feet and other objects causing him grievous bodily injury.

11

58.     The acts of defendant police officers described above constituted an assault upon plaintiff's decedent in that defendant police officers intentionally attempted to injure plaintiff or commit a battery upon him, and further that defendants' acts represented a grievous affront to plaintiff's decedent.

59.     Defendant police officer acts constituted a battery upon plaintiff's decedent in that the bodily contact described was intentional and grossly offensive in nature.

60.     The actions of defendant police officers were intentional, reckless, and unwarranted, and without any just cause or provocation, and defendant police officers knew, or should have known, that their actions were without the consent of plaintiff's decedent.

61.     The injuries sustained by plaintiff's decedent were caused wholly and solely by reason of the conduct described, and plaintiff's decedent did not contribute thereto.

## AS AND FOR COUNT SIX
## NEGLIGENCE STATE CLAIM

62.     Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in all other paragraphs of this Complaint with the same force and effect as though fully set forth herein.

63.     That defendant police officers had a duty to refrain from injuring the plaintiff's decedent.

64.     That defendant police officers knew or in the exercise of reasonable care should have known that the use of a taser on the plaintiff's decedent and/or the threat of the use of a taser could result in harm to the plaintiff's decedent.

**65.**  That the defendant police officers failed to exercise due care in the manner in which they addressed, communicated and dealt with plaintiff's decedent and the manner in which theypursued the plaintiff's decedent which lack of reasonable care caused injury and death to plaintiff's decedent.

## AS AND FOR COUNT SEVEN
## NEGLIGENT SUPERVISION, TRAINING. AND RETENTION OF POLICE OFFICERS
## STATE CLAIM

66.  Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in all other paragraphs of this Complaint with the same force and effect as though fully set forth herein.

67.  Defendant City of New York was negligent in the selection, appointment, training, supervision, and retention of defendant police officers as members of the police department of defendant city in that:

a. They appointed defendant police officers as police officers when they knew, or in the exercise of reasonable care should have known, of the disposition of those officers to engage in the described unlawful conduct.

b. Despite the fact that they knew or should have known that this pattern of conduct was being carried out by their agents and employees, defendant police officers, these defendants have failed and refused to:

i. Remove defendant police officers, from their positions as police officers

ii. Take any other disciplinary action against those officers; or,

iii. Provide redress for citizens, such as plaintiff's decedent, who have been injured by those officers.

68. As a result of said negligence, plaintiff's decedent suffered injuries and death.

## AS AND FOR COUNT EIGHT
## EXCESIVE FORCE UNDER NY STATE CONSTITUTION

69. Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in all other paragraphs of this Complaint with the same force and effect as though fully set forth herein.

70. The New York State Constitution prohibits unreasonable searches and seizures, the use of excessive force against private citizens, and the denial of the equal protection of the laws. N.Y. Const., art. I, §§ 11, 12.

71. The defendant City of New York is responsible for the unlawful acts of the defendant police officers including their use of excessive force upon plaintiff's decedent.

## AS AND FOR COUNT NINE
## LOSS OF SERVICES STATE CLAIM

72. Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in all other paragraphs of this Complaint with the same force and effect as though fully set forth herein.

73. That as a result of the foregoing, plaintiff's decedent sustained serious, painful and permanent injuries which resulted in his death.

74. That decedent left surviving distributees. That plaintiff has incurred funeral expenses and medical bills as a result of decedent's injuries and death as well as the loss of services, companionship and support.

75. That by reason of the negligence of the defendants, in the wrongful death of plaintiff's decedent, plaintiff, and the estate of Joseph Rene Moreira, have been damaged in such amount as may be awarded by the trier of fact herein.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs request that this Court:

(a) RULES that the actions of the Collective Defendants violated the rights of Plaintiff's Decedent JOSEPH RENE MORIERA under the Fourth and Fourteenth Amendments;

(b) ENTER JUDGEMENT awarding the Plaintiff compensatory damages against all defendants in an amount of $20,000,000.00;

(c) ENTER JUDGEMENT awarding the Plaintiff punitive damages against all defendants in an amount of $15,000,000.00;

(d) ENTER JUDGEMENT awarding plaintiffs' costs and pursuant to 42 U.S.C. § 1988 reasonable attorney's fees in this action as provided in 42 U.S.C. § 1988;

(e) Award plaintiff interest from the date of decedent's death; and

(e) GRANT the Plaintiff any such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiffs respectfully demand a jury trial in this action.

Dated: Huntington, New York
November 29, 2019

Respectfully submitted,
**BRIAN P. NEARY P.C.**

by: BRIAN P. NEARY, ESQ. (9717)
*Attorneys for Plaintiffs*
619 Park Avenue
Huntington, New York 11743
(631) 271-7796

To:

City of New York
c/o Zachary W. Carter
New York City Corporate Counsel
100 Church Street
New York, New York 10007

Sergeant Joshua Lopez, Shield # 4376
Housing Borough Brooklyn Response Team
25 Central Avenue
Brooklyn, New York 11206

Police Officer Rachel Mayworm, Shield # 16972
114th Precinct
34-16 Astoria Boulevard
Queens, New York 11103

Sergeant Richard Assing, Shield #495
78th Precinct
65 6th Avenue
Brooklyn, New York 11217

Police Officer Jason Bratter, Shield # 14079
Police Academy Specialized Training Section
130-30 28th Avenue
Flushing, New York 11354

Police Officer Alicia Fox, Shield # 4309
78th Precinct Detective Squad

65 6th Avenue
Brooklyn, New York 11217